J-S61019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MYRON WATSON | : | |
| | : | |
| Appellant | : | No. 639 EDA 2018 |

Appeal from the PCRA Order February 9, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002273-2005

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BOWES, J.:                **FILED DECEMBER 27, 2018**

Myron Watson appeals from the order dismissing his second PCRA petition as untimely.  We affirm.

We previously set forth the facts involving Appellant's convictions in our memorandum affirming the dismissal of his first PCRA petition, which we adopt herein:

> On October 26, 2004, the 16-year-old female victim was babysitting Laquandra Toodles' ("Toodles") children at To[o]dles' residence.  Appellant entered the residence and discovered that drugs he stored at  Toodles' residence were missing.  Eventually, Appellant and two other individuals forced the victim into a vehicle and drove her to Philadelphia.  She was taken to a basement where Appellant interrogated her about his  missing drugs.  During this interrogation, Appellant struck the victim with a handgun and threatened to kill her if she did not reveal the location of his  drugs.  After this questioning, Appellant took the victim back to Toodles' residence and handcuffed her to a banister.  Eventually, Toodles' daughter gave the victim a telephone so that she could call 911.

On August 31, 2005, Appellant was convicted of simple assault, conspiracy to commit simple assault, recklessly endangering another person, conspiracy to commit recklessly endangering another person, making terroristic threats, conspiracy to commit making terroristic threats, kidnapping, conspiracy to commit kidnapping, unlawful restraint, conspiracy to commit unlawful restraint, false imprisonment, and conspiracy to commit false imprisonment. On December 6, 2005, the trial court sentenced Appellant to an aggregate term of 20 to 40 years' imprisonment.

On direct appeal, this Court affirmed Appellant's judgment of sentence and our Supreme Court denied allowance of appeal. **Commonwealth v. Watson**, 105 A.3d 27, 2014 Pa. Super. Unpub. Lexis 764 (2014), *appeal denied*, 106 A.3d 726 (Pa. 2015). Thereafter, Appellant filed a timely *pro se* PCRA petition and counsel was appointed. On January 22, 2016, PCRA counsel filed a petition to withdraw as counsel along with a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On January 25, 2016, the PCRA court granted counsel's petition to withdraw and issued notice of its intent to dismiss the petition without an evidentiary hearing. **See** Pa.R.Crim.P. 907(A). Appellant did not file a response to the Rule 907 notice. On March 10, 2016, the [PCRA] court dismissed Appellant's PCRA petition. This timely appeal followed.

**Commonwealth v. Watson**, 2017 WL 416005 at *1 (Pa.Super. 2017) (unpublished memorandum).

Appellant initiated the instant proceedings on August 7, 2017, when he filed in Civil Division a "Petition for *Habeas Corpus* Pursuant to Article I, § 14." Appellant alleged, *inter alia*, that PCRA counsel provided ineffective assistance during the first PCRA proceedings. Additionally, he averred that the PCRA unconstitutionally imposes a limitation on his ability to present that ineffectiveness claim. On September 11, 2017, the Civil Division transferred the case to Criminal Division, finding that the petition must be treated as a

- 2 -

PCRA petition. On January 26, 2018, the PCRA court issued a notice of intent to dismiss on the basis that the PCRA petition was untimely and that Appellant failed to establish any exception to the one-year time bar. Appellant filed a response, and the PCRA court denied the petition by order entered February 9, 2018.

Appellant filed a timely notice of appeal, and complied with the order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[1] Appellant poses the following question for our review: "Whether the trial court abused its discretion in dismissing Appellant's Petition for *Habeas Corpus* Relief since his confinement is based on a PCRA proceeding that denied due process?" Appellant's brief at 3. Appellant summarizes his argument:

> Appellant claims that the [PCRA] court erred in denying him an evidentiary hearing on the claims presented in his initial *pro se* PCRA petition, and that initial PCRA counsel perpetrated a fraud on the court by filing a no-merit letter by failing to investigate and present in an amended petition a plethora of non-record and record based claims that warrant an evidentiary hearing and merit relief rendering the proceeding invalid.

*Id*. at 6.

> Our standard of review is well-settled:
>
> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the

---

[1] On June 15, 2018, this Court dismissed the appeal due to Appellant's failure to file a brief. Pursuant to application, this Court reinstated the appeal.

record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa.Super. 2012) (citations omitted).

The dispositive issue herein is whether the PCRA court erred by treating Appellant's *habeas corpus* petition as a request for relief under the PCRA, as the instant petition was filed more than one year after his judgment of sentence became final.[2]

> A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "This time constraint is jurisdictional in nature, and is not subject to tolling or other equitable considerations." ***Commonwealth v. Spotz***, ––– Pa. ––––, 171 A.3d 675, 678 (2017) (citation omitted). The time bar can "only be overcome by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)–(iii)." ***Id***. "Questions regarding the scope of the statutory exceptions to the PCRA's jurisdictional time-bar raise questions of law; accordingly, our standard of review is *de novo*." ***Commonwealth v. Chester***, 586 Pa. 468, 895 A.2d 520, 522 n.1 (2006).

***Commonwealth v. Robinson***, 185 A.3d 1055, 1058–59 (Pa.Super. 2018) (*en banc*).

---

[2] Appellant appealed our decision on direct appeal, which the Supreme Court of Pennsylvania denied on January 5, 2015. ***Commonwealth v. Watson***, 106 A.3d 726 (Pa. 2015). His judgment of sentence became final ninety days later, when his opportunity to seek review with the United States Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3). Thus, the instant petition, filed on August 7, 2017, was untimely.

Appellant maintains that this petition is not subject to the PCRA. "It is clear that a claim that a PCRA proceeding violated due process does not fit within the eligibility requirements of the PCRA[.]" Appellant's brief at 7. Appellant theorizes that the PCRA itself is unconstitutional, because it does not offer an opportunity for him to assert PCRA counsel's ineffectiveness.

Preliminarily, there is no doubt that Appellant's underlying claim falls under the PCRA. As quoted *supra*, Appellant seeks to establish that PCRA counsel was ineffective for filing a no-merit letter instead of an amended petition. That claim is cognizable under the PCRA:

> **(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> . . . .
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
> . . . .
>
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> . . . .

42 Pa.C.S. § 9543. Thus, Appellant's layered claim of PCRA counsel ineffectiveness, *i.e.* that collateral counsel failed to present claims of trial and/or appellate counsel ineffectiveness, is cognizable under the PCRA.

Our Supreme Court has stated that "claims that could be brought under the PCRA must be brought under that Act. No other statutory or common law remedy 'for the same purpose' is intended to be available; instead, such remedies are explicitly 'encompassed' within the PCRA." **Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) (emphasis in original). Therefore, the underlying claim that Appellant wished to pursue was clearly a petition for relief under the PCRA, and his selected designation does not control our analysis. **See Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa.Super. 2013) ("We agree that Appellant's writ of *habeas corpus* should be treated as a PCRA petition."). The PCRA court therefore properly treated the petition as a request for relief under the PCRA.

Since Appellant's petition was filed more than one year after his judgment of sentence became final, we have jurisdiction only if one of the following statutory exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

As our Supreme Court explained in *Commonwealth v. Robinson*, 139 A.3d 178 (Pa. 2016), the ineffectiveness of PCRA counsel does not satisfy any of the statutory exceptions to the time-bar.

> [Robinson] alleges that his petition should be deemed timely filed because he is challenging the effectiveness of his original post-conviction counsel. **This contention fails as there is no statutory exception to the PCRA time-bar applicable to claims alleging the ineffectiveness of post-conviction counsel**. The Legislature has spoken on the requisites of receiving relief under the PCRA and has established a scheme in which PCRA petitions are to be accorded finality. To allow [Robinson], who has already litigated twelve substantive issues in his first timely filed PCRA petition, to raise new claims of trial counsel ineffectiveness more than a decade after his judgment became final, directly conflicts with the legislative mandate of Section 9545(b)(1) of the PCRA. *See Commonwealth v. Peterkin*, 722 A.2d at 643 (holding that the "PCRA places time limitations on such claims of error, and in doing so, strikes a reasonable balance between society's need for finality in criminal cases and the convicted person's need to demonstrate that there has been an error in the proceedings that resulted in his conviction"). The fact that [Robinson] frames his issues as alleging the effective assistance of PCRA counsel simply does not overcome the court's lack of jurisdiction to address them.

*Id*. at 186 (emphasis added).

Appellant therefore failed to establish that an exception to the time-bar applies.[3]

---

[3] Our Supreme Court has upheld the constitutionality of the one-year time bar. *See Commonwealth v. Peterkin*, 722 A.2d 638, 643 (Pa. 1998). We acknowledge that Appellant's claim is distinct in that his complaint is the discrete claim of PCRA counsel ineffectiveness could not be filed until after the former PCRA proceedings concluded. However, as our prior memorandum

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/18

_____

stated, Appellant could have pursued his ineffectiveness claims by filing a response to the Pa.R.Crim.P. 907 notice of intent to dismiss.

To the extent Appellant asserts that he should not be forced to take that route during timely PCRA proceedings, it is generally recognized that "States have no obligation" to provide collateral relief. **Pennsylvania v. Finley**, 481 U.S. 551, 557 (1987). As a result, the High Court "[has] never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions[.]" **Id**. at 555. Thus, when prisoners seek federal *habeas* review of state court decisions involving questions of federal law, the fact that collateral counsel was ineffective precludes federal relief. **Coleman v. Thompson**, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.") (citations omitted).

In **Martinez v. Ryan**, 566 U.S. 1 (2012), the High Court created an equitable exception to **Coleman**, permitting a federal court to hear "a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." **Id**. at 17. That rule applies where, as in Pennsylvania, claims of ineffective assistance of trial counsel cannot be raised on direct appeal. Whatever the effect of **Martinez**, the possible existence of federal remedies does not permit this Court to ignore the statutory language of the PCRA. **See Commonwealth v. Robinson**, 139 A.3d 178, 186–87 (Pa. 2016) ("[T]he United States Supreme Court's decisions in **Martinez** and [**Trevino v. Thaler**, 569 U.S. 413 (2013)], do not support adoption of an equitable exception to the PCRA's time-bar."). **see also Davila v. Davis**, 137 S. Ct. 2058 (2017) (declining to extend **Martinez** exception to claim of ineffective appellate counsel).